MICHIGAN CENTRAL RAILROAD CO. *v.* FERGUSON.

1. EMINENT DOMAIN—PETITION—PLEADING.

Objections to the sufficiency of a petition to take land by proceedings in eminent domain for railroad purposes are not sustainable, when it is alleged that the petitioner requires the premises for constructing and operating its road, that they are adjacent to its main line, that there is a public necessity for such taking, and that the corporation has duly attempted to acquire title by purchase.

2. SAME—EVIDENCE—PRESUMPTIONS—NECESSITY.

No presumption prevails, in such proceeding, that the petitioner has determined to erect a passenger station on premises to be taken.

3. SAME.

It is an indispensable prerequisite to acquiring land in condemnation proceedings, that the corporation shall determine by proper action that the land is required for corporate purposes, and that the purposes shall be such that the private right must yield to the larger public necessity.

4. SAME—ATTEMPT TO PURCHASE—STATUTES.

An attempt to purchase the premises to be acquired is not properly evidenced by a showing that a representative of the petitioner had no authority except to agree upon a price and secure an option thereon in favor of a trust company. 2 Comp. Laws, § 6242.

Appeal from Wayne; Murfin, J. Submitted April 20 1910. (Docket No. 102.) Decided July 14, 1910.

Proceedings by the Michigan Central Railroad Company against Elizabeth Ferguson, Edwin Miller, and Burr Lobdell to condemn land for depot purposes. From an order confirming the award of the jury, respondents Miller and Lobdell appeal. Reversed and proceedings dismissed.

*Brakie J. Orr*, for appellant *Lobdell*.

*Albert McClatchey*, for appellant *Miller*.

*N. E. Slaymaker* (*Gray & Gray*, of counsel), for appellee.

OSTRANDER, J. Petitioner seeks to acquire title to two small parcels of land adjoining each other, fronting on Seventeenth street in Detroit; each parcel being 50 by 103 feet in size. It filed its petition, verified by its attorney, in which it is alleged that petitioner is the owner of and has a railroad constructed and in operation between the city of Detroit, in the State of Michigan, and the town of Kensington, in the State of Illinois, and requires "for the purpose of constructing and operating its railroad and appurtenances, the premises adjacent to its main line," describing them; that the taking thereof is necessary for the public use; that it endeavored to acquire title to the premises by purchase; "that your petitioner has offered * *. * for said premises a sum in excess of what your petitioner believes is the fair value thereof, which offers have been refused." A demurrer to the petition was overruled, and respondents Miller and Lobdell filed separate answers. There was a preliminary hearing, in which some testimony was introduced on the part of petitioner and which ended with an order granting the prayer of the petition. At this stage, proceedings were interrupted by the issuing out of this court of a writ of certiorari, which was afterwards dismissed without prejudice. New directions were then given for the summoning of a jury, and such proceedings were had that the jury determined that public necessity required the taking of the land in question by the petitioner and awarded as compensation for said land, to respondent Lobdell, as mortgagee, $8,000; to respondent Miller, owner of the fee, $1. Respondent Ferguson disclaimed any interest. Objections to confirmation of the award were overruled, and it was confirmed September 28, 1909; the order of confirmation specifying, also, that counsel for each of said respondents should be paid $150, that respondent Lobdell be paid $15.30, and respondent Miller $51.40 costs and expenses. Respondents have taken separate appeals. With the notice of appeal each respondent pointed out the errors

and the objections taken to the proceedings upon which he relies.

As we are of opinion that some of the objections made by respondent Miller, the owner of the land, are good and require the dismissal of the entire proceedings, we proceed at once to consider them. It cannot be said, we think, that the petition is, upon its face defective. If the averments were admitted, an award would not be set aside for want of jurisdiction. The brevity and general nature of the averments are, however, calculated to attract attention when the nature of the case sought to be made by petitioner is considered. The case, briefly stated, is that the petitioner operates, and has for many years operated, a railroad from Detroit to Chicago. Its passenger depot in Detroit is at the foot of Third street. A tunnel is being constructed under the Detroit river, by means of which trains which have heretofore been transported to and from Canada by boats may be conveyed under the river. The mouth of this tunnel, in Michigan, will be at some distance from the present passenger depot and at or about Fourteenth street. An economical and speedy service and public and private convenience require the construction of a new passenger depot with appurtenances, including necessary tracks, near the mouth of the tunnel. Plans have been made which contemplate the acquisition of the lands in a district, irregular in outline and dimensions, including the streets and alleys lying north of the right of way of petitioner and extending from Fourteenth street to Twentieth street. The parcels in question are so situated that it is practically imperative that they be controlled and used with surrounding property if the scheme and purpose referred to is carried out. The engineering department of petitioner has prepared maps showing the outlines of the district and plans, or studies, tentative in character as to details, of the passenger station and appurtenances laid out therein. These were submitted, with explanations, to the jury. At some length witnesses stated the proposed methods of operating

trains in the tunnel, the equipment required, the reasons for constructing a new passenger depot, the supposed resulting convenience to the public and to the petitioner. One of the powers of petitioner is—

"To erect and maintain all necessary and convenient buildings, stations, depots, and fixtures, and machinery for the accommodation and use of their passengers, freight, and business, and to obtain and hold all the lands necessary therefor." 2 Comp. Laws, § 6234, subd. 8.

If unable to agree for the purchase of any real estate required for the purpose of its incorporation, "it shall have the right to acquire title to the same in the manner and by the special proceedings prescribed in this act." 2 Comp. Laws, § 6242; Act No. 266, Pub. Acts 1899.

It does not appear, affirmatively, that petitioner has ever determined to erect a passenger station and to acquire the lands in this district for that purpose. We are not permitted to indulge any possible presumptions in favor of such action. None arises from the filing of the petition and this proceeding to condemn. The petition indicates no such purpose and mentions only two small parcels of land, neither of which is, within any reasonable definition of the word or construction of the statute, "*adjacent*" to the main line of the railroad. It does not appear that petitioner has ever acquired any land in the district. It does appear, affirmatively, that the whole matter is tentative and indefinite. Streets and alleys must be vacated. So far as efforts to acquire land are concerned, it appears that options have been acquired and none of those to petitioner. This means that petitioner may buy, at a price fixed in the option, but need not buy. We are not concerned about the method adopted by petitioner to secure land by purchase. The point and ruling is that it is an indispensable prerequisite to acquiring land in condemnation proceedings that the corporation shall determine by proper action that the land is required for corporate purposes, that the purposes shall be such that the private right must yield to the larger public necessity, that no

such determination is indicated by the action disclosed.

What has been said supports also the objection that the testimony wholly fails to prove any attempt to purchase the land described in the petition. It is essential there should be evidence of an attempt to purchase—to agree for the purchase of the land—to support these proceedings. The testimony warrants but one conclusion, and that is that the representative of petitioner had no authority in the premises except to agree upon a price and secure a right of the Union Trust Company to buy at that price. No citizen is under obligations to treat with the corporation for a right to sell his land at the option of the corporation. It is said in the brief for petitioner that the general authority of the agent covered the taking of options which he reported; but in the particular case of Miller he had direct authority to make a cash offer of $6,000. This statement is not supported by the record. The agent in his testimony makes it very plain that he had no authority to sign for or to bind the petitioner, and that he had no other authority when he saw Mr. Miller than he had when he saw Mrs. Ferguson or any other property owner.

We are of opinion that petitioner cannot maintain this proceeding, and that an order should be entered dismissing it. Whether the contemplated improvement is not one which requires the making and certification of a map, and its approval and filing (2 Comp. Laws, § 6232), is a matter demanding serious consideration.

An order will be entered dismissing the proceeding, with costs of both courts to appellants.

HOOKER, MOORE, BLAIR, and STONE, JJ., concurred.